## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

EVERLY K. HATFIELD,

          Plaintiff,

v.                                  CIVIL ACTION NO. 5:08-cv-00160

MICHAEL J. ASTRUE,
Commissioner of Social Security,

          Defendant.

### MEMORANDUM OPINION AND ORDER

Pending before the Court are Plaintiff's Motion for Judgment on the Pleadings [Docket 12] and Defendant's Motion for Judgment on the Pleadings [Docket 14]. Pursuant to the Standing Order entered on August 1, 2006, and filed in this case on March 12, 2008, this action was referred to the Honorable R. Clarke VanDervort, United States Magistrate Judge, for submission to this court of proposed findings and a recommendation (PF&R), pursuant to 28 U.S.C. § 636(b)(1)(B). Magistrate Judge VanDervort filed his PF&R on February 27, 2009, recommending that the Court deny Plaintiff's motion for judgment on the pleadings, grant Defendant's motion for judgment on the pleadings, affirm the final decision of the Commissioner, and dismiss the matter from the Court's docket. Plaintiff filed his Objections [Docket 16] to the PF&R on March 9, 2009. The issues are fully briefed and the matter is now ripe for the Court's consideration.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The full factual background and procedural history is set forth in the PF&R. Relevant to this Court's consideration, Plaintiff was born on September 9, 1960, and was forty-seven years old at the time of his administrative hearing. He has a seventh grade education and no vocational training, and has previously worked as a welder and unskilled laborer. Plaintiff filed an application for Supplemental Security Income (SSI) on November 27, 2006, in which he claimed a disability based on back problems, mental problems, hepatitis B and C, cirrhosis of the liver, and depression. Plaintiff was denied benefits initially and upon reconsideration. After Plaintiff's claims were denied in a hearing before an Administrative Law Judge (ALJ), the ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review on February 8, 2008. Plaintiff subsequently filed the instant action seeking judicial review pursuant to 42 U.S.C. § 405(g) on March 12, 2008.

## II. STANDARD OF REVIEW

This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made[,]" and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

The Social Security Act states that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C.A.§ 405(g). The Supreme Court has defined substantial evidence as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). Further, substantial evidence "consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

In reviewing the case for substantial evidence, the court does not re-weigh conflicting evidence, make determinations as to credibility, or substitute its own judgment for that of the Commissioner. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Rather, the court must adopt the Commissioner's findings if there is evidence in support of such findings "to justify a refusal to direct a verdict were the case before a jury." *Blalock v. Richardson*, 483 F.2d 773, 776 (4th Cir. 1972). "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [Commissioner] (or the [Commissioner's] designate, the ALJ)." *Walker v. Bowen*, 834 F.2d 635, 640 (7th Cir. 1987). Thus, even if the court would have reached a different decision, it must nonetheless defer to the conclusions of the ALJ if such conclusions are bolstered by substantial evidence and were reached through a correct application of relevant law. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).

### III. APPLICABLE LAW

The Social Security Regulations set forth a sequential evaluation for SSI claims. 20 C.F.R. §§ 404.1520, 416.920. If a claimant is found not to be disabled at any step of the evaluation, benefits are denied and further evaluation is unnecessary. *Id.* The first inquiry is whether the

claimant is currently engaged in substantial gainful employment. *Id.* If the claimant is not, the ALJ must determine whether the claimant suffers from a severe impairment. *Id.* If the ALJ finds an impairment, the ALJ must determine whether it meets or equals any of the impairments listed in Appendix 1 to Subpart P of the Administrative Regulations No. 4. *Id.* If the impairment meets or equals any of those listed impairments, the claimant is found to be disabled and awarded benefits; however, if the impairment does not, the ALJ must proceed to the fourth step of the evaluation: whether the impairment prevents the performance of past relevant work. *Id.* Finally, if the claimant establishes that the impairment prevents the performance of past relevant work, the burden shifts to the Commissioner to show that the claimant, in consideration of his or her physical and mental capacities, age, education, and prior work experience, is able to engage in other forms of substantial gainful employment and that such employment exists in the national economy. *Id.*

## IV. ANALYSIS

In Plaintiff's objections, he challenges the Magistrate Judge's findings on three grounds: 1) the ALJ improperly discredited the opinions of Dr. Hasan and Dr. Cabauatan and improperly credited the opinions of the Commissioner's consulting physicians; 2) the ALJ improperly discredited Plaintiff's own testimony regarding his pain and credibility assessment; and 3) the ALJ's hypothetical question was based on an improper assessment of Plaintiff's capabilities. The Court will review each objection in turn.

### A. *Opinions of Dr. Hasan, Dr. Cabauatan, and Consulting Physicians*

Plaintiff first objects to the finding that the ALJ properly discredited the opinions of Dr. Hasan and Dr. Cabauatan and properly credited the opinions of the state agency's consulting pysicians. Plaintiff asserts that "[t]he only explanation given by the ALJ was the fact [that] these

physicians had examined [Plaintiff] once and the general assertion that their findings were not supported by the record." (Docket 16 at 1.) Plaintiff contends that this explanation is not sufficient under Social Security Ruling (SSR) 96-7p, which requires a specific finding sufficient to inform reviewing courts the reasoning behind the ALJ's decision. Conversely, Plaintiff asserts that the ALJ erred in accepting the reports of the Commissioner's consulting physicians, none of whom examined Plaintiff or referenced the medical record, yet concluded that Plaintiff could function at the medium level.

Plaintiff's objections are without merit. As a threshold matter, the Court notes that the purpose of SSR 96-7p

> is to clarify when the evaluation of symptoms, including pain, under 20 C.F.R. 404.1529 and 416.929 requires a finding about the credibility of an individual's statements about pain or other symptom(s) and its functional effects; to explain the factors to be considered in assessing the credibility of the individual's statements about symptoms; and to state the importance of explaining the reasons for the finding about the credibility of the individual's statements in the disability determination or decision.

S.S.R. 96-7p at 1 (July 2, 1996). Thus, Plaintiff's citation to that ruling is inapposite. Rather, when considering the appropriate weight to accord medical source opinions, an ALJ *may* consider relevant factors under 20 C.F.R. § 404.1527(d):

> (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.

*Watkins v. Barnhart*, 350 F.3d 1297, 1301 (10th Cir. 2003) (citing *Drapeau v. Massanari*, 255 F.3d 1211, 1213 (10th Cir. 2001)).

As the magistrate judge correctly pointed out, the ALJ listed these factors and properly made her assessment based on them. Specifically, with regard to Dr. Cabauatan, the ALJ noted that the opinion was given minimal weight because it was uncorroborated and "based on a single examination that did not reflect any significant objective findings." (Tr. at 20.) Thus, it is clear that the ALJ properly accounted for factors (1), (3), and (4) when assessing Dr. Cabauatan's opinion. Likewise, the ALJ accorded Dr. Hasan's opinion limited weight "because it was based on a single examination and was not consistent with his objective findings or with his conclusion that the degree of the claimant's limitations was mild to moderate." (*Id.*) Again, it is evident that the ALJ considered factors (1), (4), and (6) when assessing Dr. Hasan's opinion.

Similarly, the ALJ properly considered the 404.1527(d) factors when she accorded "some, but not controlling, weight" to the opinions of the state agency medical consultants. (Tr. at 20.) According to the ALJ, her decision regarding those consultants was based on the fact that they "did not have the opportunity to observe [Plaintiff] or the opportunity to consider additional evidence submitted subsequent to their review of the record." (*Id.*) It is evident from that reasoning that the ALJ's decision was based primarily on factors (2) and (6). Thus, in assessing varying degrees of weight to these opinions—all of which fell between no weight and controlling weight—the ALJ properly considered the 404.1527(d) factors. Accordingly, Plaintiff's objection is **OVERRULED**.

      *B.*     *Plaintiff's Testimony Regarding his Pain and Credibility*

In this objection, Plaintiff maintains that "[t]he ALJ discredited [Plaintiff's] testimony regarding his pain and limitations because he was unable to afford payment for medications and did not use and [sic] assisting device in walking." (Docket 16 at 2.) In support of this objection, Plaintiff simply states that the ALJ did not explain her reasoning for discounting Plaintiff's own

6

testimony "except for her blanket assertion that it was not supported by the objective medical evidence." (*Id.*)

When making a pain and credibility assessment, an ALJ is required to examine "the entire case record, including the objective medical evidence, the individual's own statements about symptoms, statements and other information provided by treating or examining physicians or psychologists and other persons about the symptoms and how they affect the individual." SSR 96-7p. Here, Plaintiff asserts that the ALJ merely made a "blanket assertion that [Plaintiff's testimony] was not supported by the objective medical evidence." (Docket 16 at 3.) However, a review of the transcript reveals that the ALJ's determination is far more than a "blanket assertion." Rather, the ALJ carefully addressed both Plaintiff's physical impairments, (Tr. at 18–19.), and psychiatric impairments, (*id.* at 19), before making a paragraph-long determination based on Plaintiff's alleged onset of disability, lack of medical care, limited medical records, and ability to "take care of his personal needs, warm up leftovers, handle his financial affairs and take care of his room without assistance." (Tr. at 19–20.) Accordingly, it is evident that the ALJ properly made a thorough examination of the record and gave a detailed explanation of the basis of her pain and credibility determination. Thus, Plaintiff's objection is **OVERRULED**.

  C. *Hypothetical Question*

Finally, Plaintiff claims that the ALJ improperly relied on a hypothetical question posed to the vocational expert (VE) that was "based on an improper assessment of [Plaintiff's] capabilities." (Docket 16 at 3.) Specifically, the hypothetical question at issue was based on a determination that Dr. Hasan's report and Plaintiff's own testimony were not credible. Rather, Plaintiff argues, when the vocational expert was asked a question that properly set forth Plaintiff's impairments, the expert

7

responded that Plaintiff "could not perform any job which existed in substantial numbers in either the United States or regional economy." (*Id.*)

Plaintiff is correct that to be valid, a VE's opinion "must be in response to proper hypothetical questions which fairly set out all of [Plaintiff's] impairments." *Walker v. Bowen*, 889 F.2d 47, 50 (4th Cir. 1989). However, as Magistrate Judge VanDervort noted, a proper hypothetical question "need only include impairments that are supported by the record and that the ALJ accepts as valid." *Howe v. Astrue*, 499 F.3d 835, 842 (8th Cir. 2007).

In this case, Plaintiff contends that the hypothetical question relied on by the ALJ was improperly based on the determination that Dr. Hasan's reports "could not be fully credited." (Docket 16 at 3.) However, the Court previously found that the ALJ's decision to accord limited weight to Dr. Hasan's opinion was supported by substantial evidence. *See supra*, pp. 5–6. Thus, the ALJ was not required to credit Dr. Hasan's reports in posing a hypothetical question to the VE, and her determination to omit the impairments found in those reports is not error. Accordingly, Plaintiff's objection is **OVERRULED**.

## V. CONCLUSION

For the reasons stated above, Plaintiff's Objections [Docket 16] are **OVERRULED**. The Court **ADOPTS** the recommendation contained in the PF&R [Docket 15], **DENIES** Plaintiff's Motion for Judgment on the Pleadings [Docket 12], **GRANTS** Defendant's Motion for Judgment on the Pleadings [Docket 14], **AFFIRMS** the final decision of the Commissioner, and **DISMISSES** the matter from the Court's docket.

**IT IS SO ORDERED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: March 24, 2009

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE